Case 3:23-cv-00088   Document 69   Filed on 06/21/23 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
June 21, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| QUINTARRE L. WILKINS, *et al.*, § <br> § <br> Plaintiffs. § <br> § <br> V. § <br> § <br> ATTORNEY KEVAL PATEL LAW § <br> FIRM, *et al.*, § <br> § <br> Defendants. § | CIVIL ACTION NO. 3:23-cv-00088 |

## MEMORANDUM AND RECOMMENDATION

Pending before me are motions to dismiss filed by: (1) Sherry Kersh ("Judge Kersh"), Brazoria County Justice of the Peace, Precinct Four, Place Two (Dkt. 23); (2) Cassandra Tigner ("Tigner"), Brazoria County District Clerk (Dkt. 25); (3) Patrick Sebesta ("Judge Sebesta"), Judge for the Brazoria County Criminal Law Magistrate Court and former Judge for the 239th Judicial District Court, Brazoria County, Texas (Dkt. 36); (4) Paul A. Hoefker ("Hoefker"), counsel for PennyMac Loan Services, LLC (Dkt. 41); (5) Scott R. Valby and Gregg & Valby, LLP (the "G&V Defendants") (Dkt. 43); and (6) Laura Gibson ("Gibson"), President of the State Bar of Texas (Dkt. 55). Having reviewed the briefing, the record, and the applicable law, I recommend that all of these motions to dismiss be **GRANTED**.

## BACKGROUND

On August 3, 2022, Judge Kersh awarded American Pointe Realty, LTD judgment for possession of property belonging to Plaintiffs Quintarre L. Wilkins and Denastya L. Baker.[1] Unhappy with this judgment and apparently unwilling to utilize the appeals process in Texas state court, Plaintiffs have instead instituted this action against 20 defendants alleging violations of their civil rights under 42

---

[1] The style of the case reflects Plaintiffs' names as Quintarre L. Wilkins and Denastya L. Wilkins. Yet, throughout the Third Amended Complaint (the operative pleading) Denastya uses the surname Baker. *See* Dkt. 17 at 6, 10, 14.

U.S.C. § 1983, violations of due process, conspiracy to commit real estate deed fraud, forgery, breach of contract, real estate deed fraud, and obstruction of the administration of justice. Seven of these defendants have moved to dismiss.

## ANALYSIS

I will briefly summarize the grounds for dismissal as to each defendant.

### A.   JUDGE SHERRY KERSH

I take judicial notice of the fact that Plaintiffs' property at 4819 Sunset Park Lane, Rosharon, Texas 77583 is within the boundaries of Brazoria County Justice of the Peace Precinct Four. *See Gov't of Canal Zone v. Burjan*, 596 F.2d 690, 693 (5th Cir. 1979) (holding that Federal Rule of Evidence 201 permits courts to "take judicial notice of governmental boundaries"). Therefore, Judge Kersh had jurisdiction to preside over Plaintiffs' forcible detainer case. *See* TEX. PROP. CODE § 24.004 ("[A] justice court in the precinct in which the real property is located has jurisdiction in eviction suits. Eviction suits include forcible entry and detainer and forcible detainer suits."). Judge Kersh's actions—telling Plaintiffs that they "had 5 days to vacate" and entering judgment against them (*see* Dkts. 17 at 6; 23-2)—were "normal judicial function[s]" that "occurred in the courtroom," "centered around a case pending before the court," and "arose directly out of a visit to [Judge Kersh] in [her] official capacity." *Davis v. Tarrant County*, 565 F.3d 214, 222 (5th Cir. 2009) (upholding district court's finding that defendant judges were immune from suit against them in their individual capacities). Thus, Judge Kersh's actions were unquestionably judicial in nature. Accordingly, Judge Kersh has absolute judicial immunity from this suit. *See id.* at 222–23. Absolute judicial immunity bars this lawsuit against Judge Kersh regardless of whether she is sued in her individual or official capacity. *See In re Lincoln*, 114 S.W.3d 724, 727 n.2 (Tex. App.—Austin 2003, no pet.) (noting that judge was "absolutely judicially immune from suit for acts done in his official capacity").

Besides judicial immunity, there are other reasons this case should be dismissed against Judge Kersh. To the extent Judge Kersh is sued in her official

capacity, as a state actor, a suit against her is barred by the Eleventh Amendment, which grants state actors immunity from suit for monetary damages. *See Davis*, 565 F.3d at 228 ("Texas judges are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacities as state actors."). Finally, the only allegations against Judge Kersh in the operative pleading are that she "never looked at the paperwork and made a ruling that this is her court room and that the IRS or nobody runs her court room and that PennyMac Loan Servicing was tired of dealing with us and we had 5 days to vacate." Dkt. 17 at 6. This is not "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Finally, for the reasons stated in my earlier order regarding service, Plaintiffs have not properly served Judge Kersh. *See* Dkt. 56. For all these reasons, the claims against Judge Kersh should be dismissed.

**B.    CASSANDRA TIGNER**

Tigner's name appears in the Third Amended Complaint only in the list of Defendants. *See* Dkt. 17 at 4 ("DISTRICT CLERK OFFICE-CASSANDRA TIGNER"). Other than listing her as a defendant, Plaintiffs make no factual allegations against Tigner whatsoever. Accordingly, Plaintiffs fail to state a claim against Tigner. *See Iqbal*, 556 U.S. at 678. This is an independent and sufficient reason for dismissing Plaintiffs' claims against Tigner, but there are other reasons, too. Because Tigner is a court clerk and has been sued as such she is entitled to the same absolute judicial immunity as Judge Kersh. *See Kastner v. Lawrence*, 390 F. App'x 311, 315 (5th Cir. 2010). Because Tigner has been sued in her official capacity, she is also entitled to Eleventh Amendment immunity. *See United States v. Texas*, 566 F. Supp. 3d 605, 659 (W.D. Tex. 2021) ("When they act in their official capacities, state district court judges and court clerks generally act as an arm of the state as a state official."), *cert. granted before judgment*, 142 S. Ct. 14 (2021). Finally, for the reasons stated in my earlier order regarding service,

Plaintiffs have not properly served Tigner. *See* Dkt. 56. For all these reasons, the claims against Tigner should be dismissed.

## C. JUDGE PATRICK SEBESTA

Rather than utilize the appeals process available for their forcible detainer case, Plaintiffs filed a lawsuit—nearly identical to this one—in Texas state court. The judge assigned to hear that suit was Judge Sebesta. For all the reasons stated above, Judge Sebesta is entitled to both absolute judicial immunity and Eleventh Amendment immunity. These are independent and sufficient reasons for dismissing the claims against Judge Sebesta, but there are other reasons, too. The only allegation against Judge Sebesta is that Plaintiffs "still have a[n] open case" before him and that "Judge Sebesta gave the okay to sale property even while the house was in litigation." Dkt. 17 at 7. These are insufficient allegations to state a claim against Judge Sebesta. *See Iqbal*, 556 U.S. at 678. Lastly, for the reasons stated in my earlier order regarding service, Plaintiffs have not properly served Judge Sebesta. *See* Dkt. 56. For all these reasons, the claims against Judge Sebesta should be dismissed.

## D. PAUL HOEFKER

Hoefker asks that the claims against him be dismissed for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). For the reasons stated in my earlier order regarding service, Plaintiffs have not properly served Hoefker. *See* Dkt. 56. Despite having notice of the deficiencies regarding service, Plaintiffs did not cure these defects by the deadline for effectuating proper service (June 14, 2023). Nor have Plaintiffs meaningfully responded to Hoefker's motion by showing "good cause for the failure" that would warrant extending the time for service.[2] FED. R. CIV. P. 4(m). Accordingly, Hoefker's motion should be granted and the claims against him dismissed. *See Prem Sales, LLC v. Guangdong Chigo*

---

[2] Plaintiffs' only response to Hoefker's motion to dismiss—which is directed to "Attorney Robert Negrin," Hoefker's counsel—is this: "All trustee's are third parties to all transactions for private dwelling." Dkt. 61 at 2. This single sentence has nothing to do with service of process. Thus, Plaintiffs do not contest that service was insufficient.

*Heating & Ventilation Equip. Co.*, 494 F. Supp. 3d 404, 410 (N.D. Tex. 2020) ("Once a party challenges the form or method of service, the serving party bears the burden of establishing its validity. . . If the serving party fails to carry its burden the district court may, in its discretion, quash service and dismiss the claim." (citations omitted)).

E.  **THE G&V DEFENDANTS**

The G&V Defendants move for dismissal for failure to state a claim pursuant to Rule 12(b)(6). Specifically, they argue that "[t]he complaint pleads no facts, claims, or causes of action whatsoever against either of the G&V Defendants." Dkt. 43 at 2. I agree. Plaintiffs fail to plead "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plaintiffs' arguments in their response do not cure this deficiency. *See Brownstone Inv. Grp., LLC v. Levey*, 468 F. Supp. 2d 654, 660 (S.D.N.Y. 2007) (holding that "a complaint cannot be modified by a party's affidavit or by papers filed in response to a dispositive motion to dismiss"). Thus, Plaintiffs' claims against the G&V Defendants should be dismissed.

F.  **LAURA GIBSON, PRESIDENT OF THE STATE BAR OF TEXAS**

Gibson is sued in her official capacity as President of the State Bar of Texas. As a state actor, she is entitled to Eleventh Amendment immunity. *See Bishop v. State Bar of Tex.*, 791 F.2d 435, 438 (5th Cir. 1986) ("This Court . . . has noted that the State Bar of Texas is a state agency such that an action for damages is barred by the eleventh amendment."). Plaintiffs concede this point in their response. *See* Dkt. 61 at 1 ("[W]e will be removing the State Bar of Texas-Laura Gibson from this case."). Thus, the claims against Gibson should be dismissed.[3]

---

[3] Even without Gibson's Eleventh Amendment immunity or Plaintiffs' voluntary dismissal of their claims against her, Gibson should be dismissed for Plaintiffs' failure to state a claim. As Gibson notes, "there are no facts alleged in Plaintiffs' complaint describing any act or omission by Defendant Laura Gibson." Dkt. 55 at 5.

## CONCLUSION

For the reasons stated above, I recommend that the motions to dismiss (*see* Dkts. 23, 25, 36, 41, 43, 55) be **GRANTED** and the claims against Judge Kersh, Tigner, Judge Sebesta, Hoefker, the G&V Defendants, and Gibson be **DISMISSED**.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have 14 days from receipt to file written objections under Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 21st day of June 2023.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE