United States District Court
Southern District of Texas
**ENTERED**
November 03, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| QUINTARRE L. WILKINS, *et al.*, § § Plaintiffs. § § V. § § ATTORNEY KEVAL PATEL LAW § FIRM, *et al.*, § § Defendants. § | CIVIL ACTION NO. 3:23-cv-00088 |

## MEMORANDUM AND RECOMMENDATION

The Court is familiar with the facts of this case, *see* Dkt. 69 at 1–2, so I will jump right into the pending matters. On May 30, 2023, I entered an order observing that "Plaintiffs have not properly served *any* defendant in this case." Dkt. 56 at 1. I warned Plaintiffs in no uncertain terms "that absent a showing of 'good cause,' **this action may be dismissed without prejudice as to every defendant upon whom *proper* service is not effectuated by Wednesday, June 14**." *Id.* at 3. On July 10, 2023, I gave Plaintiffs 21 days to explain why Julian Perez ("Perez") should not be dismissed from this lawsuit given their earlier concessions on the record that they "'never claimed . . . Perez did anything.'" Dkt. 77 at 1 (quoting Dkt. 76 at 1). Two motions to dismiss have since been filed by three of the remaining defendants:[1] (1) the Keval Patel Law Firm ("Patel") and American Pointe Realty, Ltd. ("APR") (Dkt. 78), and (2) PennyMac Loan Services, LLC ("Pennymac") (Dkt. 87). Plaintiffs have not responded to either motion.

While I was drafting this memorandum and recommendation, Defendants Locke Lord LLP and Kurt Krolikowski[2] ("Krolikowski") (collectively, "Locke Lord") also filed a motion to dismiss (Dkt. 88). Because Plaintiffs' claims against Locke

---

[1] Seven defendants have already been dismissed. *See* Dkt. 74.

[2] Mr. Krolikowski has been incorrectly named as "Kirk Krolikski" and "Kurt Krolikski."

Lord are patently frivolous, I will not delay ruling on that motion. *See Century Sur. Co. v. Blevins*, 799 F.3d 366, 372 (5th Cir. 2015) ("In the Fifth Circuit, fairness requires that a litigant have the opportunity to be heard before a claim is dismissed, *except where the claim is patently frivolous.*" (emphasis added)). Having reviewed the briefing, the record, and the applicable law, I recommend that the Court: (1) sua sponte dismiss Plaintiffs' claims against Perez; (2) grant the pending motions to dismiss (Dkts. 78, 87, 88); and (3) sua sponte dismiss all remaining defendants for failure to effectuate proper service—and close this case.

## ANALYSIS

I will briefly summarize the grounds for dismissal as to each defendant.

### A.  PEREZ

As explained in my July 10, 2023 Order:

> On June 21, 2023, Perez, proceeding pro se, filed his answer in which he denies "each and every allegation made toward [him] by the Plaintiff and demand[s] that all allegations be proven." Dkt. 70 at 1.
>
> On July 10, 2023, Plaintiffs responded to Perez's answer, stating: "We never claimed you Julian Perez did anything"; "Our issue is with the title company, mortgage company and the attorney's [sic] that is all"; and "We're not saying [Perez] did anything wrong by purchasing the property." Dkt. 76 at 1. It seems Plaintiffs concede that they do not have a claim against Perez—they simply seek discovery from him. *See* Dkt. 76 at 1 ("We are requesting from you to see the original purchase agreement before we receive a copy."). Yet, both the federal and Texas rules of civil procedure provide mechanisms for third-party discovery, and they do not include needlessly bringing a lawsuit against that third-party.

Dkt. 77 at 1. I gave Plaintiffs, who are proceeding pro se, 21 days to explain why Perez should not be dismissed from this lawsuit.

On July 27, 2023, Plaintiffs filed a response that was drafted by non-attorney Orlando Antonio Acosta. *See* Dkt. 79. I previously prohibited Acosta "from giving legal advice or rendering legal services to Plaintiffs in connection with this matter," or "from preparing or making any filings on behalf of Plaintiffs in this case," and warned Plaintiffs that "any further filings by Acosta [would] be struck from the

record." Dkt. 72 at 1. Because Plaintiffs' July 27, 2023 filing was "a direct violation of my June 26, 2023 Order," I struck it from the record and gave Plaintiffs additional time to file a response that was "their own." Dkt. 80 at 2–3. Plaintiffs have not made any further filings pertaining to my July 10, 2023 Order.[3]

For the reasons stated in my July 10, 2023 Order, and in light of Plaintiffs' admission on the record that they seek nothing more from Perez than discovery, I recommend that the Court sua sponte dismiss Perez from this litigation. *See Century Sur. Co.*, 799 F.3d at 372 ("As a general rule, even if a party does not make a formal motion under Rule 12(b)(6), the district judge on his or her own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair to the parties. In the Fifth Circuit, fairness requires that a litigant have the opportunity to be heard before a claim is dismissed, except where the claim is patently frivolous." (cleaned up)).

**B.    PATEL AND APR**

Patel and APR move to dismiss Plaintiffs' claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6) because "Plaintiffs have not plead[ed] any facts whatsoever alleging that American or Patel is liable to Plaintiffs for any of the alleged causes of action." Dkt. 78 at 1. "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"The operative pleading in this matter is Plaintiffs' Third Amended Complaint. *See* Dkt. 17." Dkt. 57 at 1 (striking Plaintiffs' Fourth Amended Complaint because it "was filed without leave of court"). The Third Amended Complaint contains only one factual assertion regarding Patel: "They sold our house allegedly 12/1/22 but someone was in the house in September and was told by the listing agent that the lawyer Keval Patel said that Judge Sebesta gave the okay to sale [sic] property even while the house was in litigation." Dkt. 17 at 7. The

---

[3] Plaintiffs did, however, send an ex parte email to my Case Manager. *See* Dkt. 83.

Third Amended Complaint contains *zero* factual assertions regarding APR—its name appears only in the list of defendants.

A pleading devoid of "factual matter" cannot survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. "Without stating any allegations against [Patel or APR], Plaintiff[s] cannot prevail against [them]." *Goodlow v. Veterans Land Bd. of Tex.*, No. SA-23-cv-00173, 2023 WL 3273126, at *2 (W.D. Tex. Mar. 31, 2023). Accordingly, Patel and APR should be dismissed from this lawsuit.

### C.   PENNYMAC, LOCKE LORD, AND KROLIKOWSKI

Pennymac foreclosed on Plaintiffs' property. Pennymac is Locke Lord's client. Krolikowski is a partner at Locke Lord. The same Locke Lord attorneys drafted both Pennymac's motion to dismiss and Locke Lord's motion to dismiss. *See* Dkt. 87 at 15; Dkt. 88 at 16. Thus, I will address these motions simultaneously.

#### 1.   *Insufficient Process*

Pennymac first moves for dismissal pursuant to Rule 12(b)(5) because "[i]t has been over 90 says since Plaintiffs' deadline to comply with the [May 30, 2023] Order [regarding service of process], and they have yet to serve Pennymac." Dkt. 87 at 4. Locke Lord similarly argues that because "the time to serve the Locke Lord Defendants has long expired, and proper service under the circumstances would be futile, a dismissal pursuant to Rule 12(b)(5) would be appropriate here." Dkt. 88 at 4.

Rule 12(b)(5) permits dismissal for "insufficient service of process." FED. R. CIV. P. 12(b)(5). "A district court has broad discretion either to dismiss a case for improper service of process or to quash service and grant the plaintiff time in which to serve a defendant properly." *Topstone Commc'ns., Inc. v. Xu*, 603 F. Supp. 3d 493, 497 (S.D. Tex. 2022) (citing *Brown v. Miss. Coop. Extension Serv.*, 89 F. App'x 437, 439 (5th Cir. 2004)). I recommend the Court exercise its broad discretion and dismiss Pennymac and Locke Lord on the basis of improper service.

### *2.  Failure to State a Claim*

Dismissal of Plaintiffs' claims against Pennymac and Locke Lord is also warranted under Rule 12(b)(6). Plaintiffs list seven express causes of action: (1) violations of 42 U.S.C. § 1983, (2) "violations of due process," (3) conspiracy to commit real estate deed fraud, (4) forgery, (5) breach of contract, (6) real estate deed fraud, and (7) "obstruction of the administration of justice." Dkt. 17 at 10. Additionally, Plaintiffs arguably imply claims for wrongful foreclosure and violations of the Fair Credit Billing Act under 15 U.S.C. § 1666. *See id.* at 6, 9. I will address each cause of action in turn, grouping the state-actor and fraud claims into separate sections.

#### a.  Pennymac and Locke Lord Are Not State Actors

Plaintiffs' claims under 42 U.S.C. § 1983, for violations of due process, and for obstruction of the administration of justice are civil rights claims that are not actionable against Pennymac or Locke Lord because neither is a state actor, and Plaintiffs have not alleged that either was acting "under color of any statute, ordinance, regulation, custom, or usage, of any State." 42 U.S.C. § 1983. *See Earnest v. Lowentritt*, 690 F.2d 1198, 1202 (5th Cir. 1982) (affirming district court's dismissal of § 1983 claims because mortgagor's "foreclosure on the mortgage . . . was a purely private dispute, immune from the coverage of [§] 1983 lacking a showing of further state involvement"); *Ondina-Gordo v. Banco Santander, S.A.*, 542 F. Supp. 3d 129, 132 (D.P.R. 2021) ("Because [plaintiff] fails to allege that the defendants are state actors, dismissal of the section 1983 cause of action is warranted."). Plaintiffs' civil rights claims against Pennymac and Locke Lord should be dismissed.

#### b.  Fraud, Forgery, and Real Estate Deed Fraud

Federal Rule of Civil Procedure 9(b) imposes a heightened standard for any claim of fraud. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a

5

claim of fraud or not." *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001). This includes allegations of forgery. *See Bynane v. Bank of N.Y. Mellon*, 866 F.3d 351, 360 (5th Cir. 2017) (collecting cases applying Rule 9(b) to allegations of forgery). "Put simply, Rule 9(b) requires the who, what, when, where, and how to be laid out." *Shandong Yinguang Chem. Indus. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (quotation omitted). All five criteria are missing from the Third Amended Complaint, which contains only conclusory allegations. *See* Dkt. 17 at 7–8 ("The promissory note is a forgery. . . . The bank recorded the forged promissory note as a loan from me to the bank. . . . The defendants committed acts of forgery when they fraudulently made false documents and altered real documents as if they are genuine."). Accordingly, all of Plaintiffs' claims sounding in fraud should be dismissed.

### c. Breach of Contract

"Under Texas law, the elements of a breach of contract claim are (1) the existence of a valid contract; (2) performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003). Plaintiffs do not identify a contract—express or implied—with either Pennymac or Locke Lord. Plaintiffs do not allege their performance under any contract with Pennymac or Locke Lord. Plaintiffs do not identify how Pennymac or Locke Lord breached any contract. Plaintiffs allege $50 million in damages, but they do not connect those damages to any alleged breach of any contract that Plaintiffs had with Pennymac or Locke Lord. Accordingly, Plaintiffs' breach of contract claims should be dismissed.

### d. Wrongful Foreclosure

"The three elements of wrongful foreclosure . . . are (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the two." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013). "All three elements are required to adequately

state a cause of action of wrongful foreclosure." *Waggoner v. Deutsche Nat'l Bank Tr. Co.*, 181 F. Supp. 3d 445, 448 (S.D. Tex. 2016). I will assume, *arguendo*, that there was a defect in the foreclosure sale proceedings. Even so, "Plaintiffs have failed to allege facts that there was a grossly inadequate selling price and a causal link between a procedural defect of the foreclosure and the selling price." *Id.* (dismissing Plaintiffs' wrongful foreclosure claims). Accordingly, Plaintiffs' wrongful foreclosure claims should be dismissed.

> e. **Fair Credit Billing Act (FCBA), 15 U.S.C. § 1666 *et seq*.**

Plaintiffs attempt to allege violations of the FCBA:

> The banks and servicer reported the alleged debt on the plaintiff's credit report when in fact the amount is in dispute. 15 U.S. Code 1666(b). If a creditor receives a further written notice from an obligor that an amount is still in dispute within the time allowed for payment under subsection (a) of this section, a creditor may not report to any third party that the amount of the obligor is delinquent because the obligor has failed to pay an amount which he has indicated under section 1666(a)(2) of this title, unless the creditor also reports that the amount is in dispute and, at the same time, notifies the obligor of the name and address of each party to whom the creditor is reporting information concerning the delinquency.

Dkt. 17 at 9. Only the first sentence of this paragraph is an allegation. The rest of the paragraph is just a statement of law—not factual allegations regarding any party. Plaintiffs do not specify who the "banks and servicer" are, what "the alleged debt" is, which plaintiff's credit report is at issue, or how the banks or servicer were to know that an amount was in dispute.[4]

More importantly, "the FCBA only applies to open-end consumer credit plans." *Stroman v. Bank of Am. Corp.*, 852 F. Supp. 2d 1366, 1374 (N.D. Ga. 2012). "The FCBA's protections do not extend to closed-end credit, such as [a] mortgage loan." *Id.* Because Plaintiffs make no mention of an open-end consumer credit plan

---

[4] In any event, Locke Lord is neither a bank nor a servicer, so Plaintiffs cannot assert claims against Locke Lord in regard to this paragraph.

in their Third Amended Complaint, they cannot allege a violation of the Fair Credit Billing Act against any party.

### D. THE REMAINING DEFENDANTS

The remaining defendants[5]—Summit Realty; Cameron Namazi; Sam Doray Real Estate, LLC ("Sam Doray"); Raul Gonzalez; Capital Title Co.; Stephen Buttram; John Powell; Sergio Perez; and Ryan Erickson—have not been served. They, too, should be dismissed pursuant to Rule 12(b)(5).[6] I recommend the Court exercise its "broad discretion" and dismiss these defendants on the basis of improper service. *Topstone Commc'ns., Inc.*, 603 F. Supp. 3d at 497.

## CONCLUSION

For the reasons stated above, I recommend that the motions to dismiss (Dkts. 78, 87, 88) be **GRANTED** and the claims against Patel, APR, PennyMac, Locke Lord, and Krolikowski be **DISMISSED**. I also recommend that the Court sua sponte dismiss Perez from this lawsuit. Finally, I recommend that the Court dismiss Summit Realty, Cameron Namazi, Sam Doray, Raul Gonzalez, Capital Title Co., Stephen Buttram, John Powell, Sergio Perez, and Ryan Erickson for Plaintiffs' failure to effectuate proper service.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

---

[5] It is not clear to me that all of these defendants are actually defendants. For example, Ryan Erickson is counsel for the judicial defendants that the Court has already dismissed; John Powell is counsel for Raul Gonzalez; and Sergio Perez is counsel for Sam Doray. *See* Dkt. 17 at 1–2.

[6] Dismissal as to the remaining defendants is also proper under Rule 12(b)(6) for all the reasons stated above in the section regarding Pennymac and Locke Lord. Plaintiffs simply do not allege sufficient facts to state a claim for anything against any defendant.

SIGNED this 3rd day of November 2023.

```
_____
         ANDREW M. EDISON
   UNITED STATES MAGISTRATE JUDGE
```